# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 2:02CR10130 |
| v. | ) OPINION |
| BRADLEY EDWARD MCKENZIE, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Brian J. Beck, Assistant Federal Public Defender, Abingdon, Virginia, for defendant.*

On July 25, 2003, I sentenced defendant Bradley Edward McKenzie to fifteen years' incarceration and five years' supervised release. (Judgment, ECF No. 26.) I imposed that sentence because McKenzie was convicted of being a felon in possession of a firearm in violation of the Armed Career Criminal Act ("ACCA") due to three prior convictions of qualifying "crimes of violence" under the ACCA's "residual clause," 18 U.S.C. § 924(e)(2)(B).[1]

On June 26, 2015, the Supreme Court of the United States determined that the ACCA's residual clause was unconstitutionally vague and invalid under the Due Process Clause. *Johnson v. United States*, 135 S. Ct. 2551 (2015). In

---

[1] Specifically, the three prior convictions involved the taking of indecent liberties with minors in a custodial or supervisory relationship, in violation of Virginia Code § 18.2-370.1.

accordance with *Johnson*, McKenzie filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, arguing that the three "crimes of violence" used to enhance McKenzie's sentence under the ACCA's residual clause must be disregarded.[2] The United States has acquiesced to McKenzie's request that I vacate his current sentence and impose a new sentence without the ACCA enhancement.[3]

Pursuant to *Johnson* and in light of the United States' acquiescence, McKenzie's Motion to Vacate is granted. The Probation Office will prepare an Amended Presentence Report, and the Clerk will schedule a resentencing hearing promptly. McKenzie may appear by video conference, if possible, for the resentencing hearing; otherwise, I will rely on McKenzie's written waiver of attendance (ECF No. 41). *See* Fed. R. Crim. P. 43(c)(1)(B).

DATED: October 6, 2015

/s/ James P. Jones
United States District Judge

---

[2] McKenzie notes that the three predicate convictions do not qualify the under "enumerated offenses clause" of the ACCA. <u>See</u> 18 U.S.C. § 924(e)(2)(B)(ii) (concerning crimes involving burglary, arson, extortion, or explosives).

[3] The parties anticipate that I will impose a sentence of ten years' incarceration and three years' supervised release and that, consequently, McKenzie will be immediately released from incarceration.

-2-